UNITED STATES DISTRICT COURT
DISTRICT OF MASSAHCUSETTS

| | |
|---|---|
| MARY ELLEN FENNESSY<br><br>Plaintiff<br><br>v.<br><br>EQUIFAX INFORMATION SERVICES LLC and CACH, LLC<br><br>Defendants | **COMPLAINT AND JURY DEMAND** |

**NATURE OF THE CASE**

1.      Plaintiff Mary Ellen Fennessy brings this action against defendants, Equifax Information Services LLC and CACH, LLC, for violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq*. Over an extended period of time, Fennessy has submitted disputes related to two accounts that are being reported inaccurately on her credit report. Despite her efforts, even providing proof that accounts at issue are not owed, defendants Equifax and CACH have failed to properly reinvestigate them and refused to remove them, in violation of the FCRA, causing her damages.

1

## PARTIES

2. Plaintiff, Mary Ellen Fennessy ("Fennessy") is a natural person residing at 126 Summer Street, Unit 126B, Haverhill, Massachusetts 01830.

3. Defendant, Equifax Information Services LLC ("Equifax") is a Georgia limited liability company that regularly conducts business in Massachusetts, and which has a principal place of business located at 1550 Peachtree Street NE, Atlanta, Georgia 30309.

4. Defendant, CACH, LLC ("CACH"), is a Colorado limited liability company that regularly conducts business in Massachusetts, and which has a principal place of business located at 4340 South Monaco Street, 2nd Floor, Denver, Colorado 80237.

## FEDERAL JURISDICTION

5. The Court has jurisdiction over this case pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681p and pursuant to Court's federal question jurisdiction under 28 U.S.C. § 1331.

6. Venue is proper in the District of Massachusetts pursuant to 28 U.S.C. § 1391(b).

## COMMON FACTS

7. Fennessy lives in Haverhill, Essex County, Massachusetts.

8. On April 30, 2013, Fennessy was sued on two credit card accounts allegedly purchased by CACH. Fennessy disputed liability on the accounts, filing

counterclaims contending that CACH was engaged in illegal debt collection in violation of the Massachusetts debt-collector licensing law, M.G.L. ch. 93, and, moreover, that nothing was owed to CACH because it did not own the accounts.

9. On or around October 9, 2015, the cases were settled without no payment to CACH. The cases were dismissed with prejudice.

10. On or around March 3, 2016, Fennessy received a credit report from Equifax. Equifax reported inaccurate information in relation to CACH for the two accounts at issue, stating that there were balances owed. The erroneous information negatively reflected upon Fennessy's credit repayment history and creditworthiness.

11. On March 3, 2016, Fennessy disputed the inaccurate information with Equifax through a submission online stating she was not liable for the two accounts.

12. On information and belief, Equifax and CACH purported to conduct a reinvestigation of those accounts pursuant to 15 U.S.C. §§ 1681i and 1681s-2(b).

13. On or around March 15, 2016, Equifax sent Fennessy correspondence rejecting her dispute and signifying its intent to continue publishing the inaccurate information about the CACH accounts.

14. Equifax has provided consumer reports to third parties from at least March 2016 through the present.

15. On or about March 24, 2016, Fennessy again disputed the accuracy of the CACH accounts on her credit report. She sent two letters, one for each account. With the letters, she enclosed copies of the settlement agreements with CACH under which it dismissed the cases with prejudice. (**Exhibit 1** and **Exhibit 2**.)

16. On information and belief, Equifax and CACH purported to conduct another reinvestigation of those accounts pursuant to 15 U.S.C. §§ 1681i and 1681s-2(b).

17. On April 19, 2016, Equifax sent the results of the reinvestigation to Fennessy and claimed, again, that the balance was being reported correctly.

18. Equifax has intentionally and negligently continued to report the derogatory and inaccurate information about Fennessy.

19. As a result of Equifax's failure to remove the CACH judgment from her consumer report, Fennessy has suffered damages in the form of: (a) lost credit opportunities; (b) harm to credit reputation and credit score; and (c) anxiety, depression, humiliation, deprivation, and embarrassment.

## COUNT I
### Violation of Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*
### (Equifax)

20. The preceding paragraphs are incorporated by reference.

21. Equifax is a "person" and "consumer reporting agency" as defined by 15 U.S.C. §§ 1681a(b) and (f).

22. Fennessy is a "consumer" as defined by 15 U.S.C. § 1681a(c).

23. Equifax failed to comply with the requirements of the Fair Credit Reporting Act, including, but not limited to:

   (a) Failing to follow reasonable procedures to assure maximum accuracy of the information in consumer reports, in violation of 15 U.S.C. § 1681e(b); and

   (b) Failing to comply with the reinvestigation requirements in violation of 15 U.S.C. § 1681i(a).

24. Fennessy suffered damage including, without limitation, denial of credit, lost opportunity to receive credit, damage to reputation, emotional distress, worry embarrassment, and humiliation.

25. Equifax's conduct was willful, rendering it liable for punitive damages pursuant to 15 U.S.C. § 1681n.

26. Equifax's conduct was also negligent, rendering it liable for damages pursuant to 15 U.S.C. § 1681o.

27. Fennessy is entitled to costs and attorney's fees from Equifax in an amount to be determined by the court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

## COUNT II
### Violation of Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*
### (CACH)

28. The preceding paragraphs are incorporated by reference.

29. CACH failed to comply with the requirements of the Fair Credit Reporting Act, including, but not limited to:

   (a) Failing to fully and properly reinvestigate Fennessy's dispute regarding the inaccurate reporting of her account upon notification by defendant Equifax;

   (b) Failing to review all relevant information from Equifax regarding the dispute; and

   (c) Failing to correct its own internal records to prevent the re-reporting of the inaccurate information.

30. CACH's conduct was willful, rendering it liable for punitive damages pursuant to 15 U.S.C. § 1681s-2(b).

31. CACH's conduct was negligent, rendering it liable for damages pursuant to 15 U.S.C. § 1681s-2(b).

32. CACH has damaged Fennessy, harming her credit, causing her to be denied credit, and causing other economic loss.

## JURY TRIAL DEMAND

Fennessy demands a trial by jury on all issues so triable.

## REQUEST FOR RELIEF

WHEREFORE, Fennessy requests judgment in her favor and against Equifax and CACH, including actual and compensatory damages, statutory damages, punitive damages, costs, attorney's fees, interest, and deletion of all inaccurate information at issue from Fennessy's credit report.

## JURY DEMAND

Plaintiff requests a trial by jury on all issues so triable.

Respectfully submitted,

Plaintiff,
Mary Ellen Fennessy,
By counsel,

*Josef C. Culik*
Josef C. Culik (BBO #672665)
CULIK LAW PC
225 Franklin St., 26th Floor
Boston, MA 02110
(617) 830-1795
jculik@culiklaw.com

October 25, 2016